UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| WILLIAM J. R. EMBREY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 0:14-40-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL SEPANEK, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

William J. R. Embrey is an inmate confined in the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Embrey has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1] Embrey has paid the $5.00 filing fee. [*Id.*]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau o/Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Embrey's habeas petition under a more lenient standard because he is not represented by an attorney.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Embrey's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed Embrey's petition, the Court must deny it as an abuse of the writ.

In his petition, Embrey contends that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) in *United States v. Embrey*, No. 6:98-CR003095 (W.D. Mo. 1998) is void because, even as a felon, he had the constitutional right to possess a firearm under the Second Amendment. Embrey further alleges that § 922(g) was incorrectly applied to him; that he has not received a hearing on the merits of his claims, either on direct appeal or by way of a collateral challenge; and that this Court should conduct a hearing on his claims. Alternatively, Embrey seeks immediate release from custody.

Embrey has unsuccessfully raised these same arguments in numerous habeas corpus petitions. As the Court noted in one of Embrey's prior habeas petitions filed in this Court, the Eighth Circuit rejected these same arguments on direct appeal; the trial court rejected them and denied him relief under 28 U.S.C. § 2255; and district courts in several states have denied petitions for relief under 28 U.S.C. § 2241 on the same grounds. *See Embrey v. Sepanek*, No. 0:13-CV-20-HRW (E.D.

Ky. Mar. 12, 2013) [R. 8, therein].[1] The Court will therefore deny Embrey's current petition as barred by the abuse of the writ doctrine, 28 U.S.C. § 2244(a); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991), and as substantively meritless. *United States v. Embrey*, 250 F.3d 1181, 1184 (8th Cir. 2001).

Accordingly, **IT IS ORDERED** that:

1. William J. R. Embrey's petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This March 31, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

---

[1] Embrey filed two other § 2241 petitions in this Court, one in 2009 and another in 2011. In both of those petitions, Embrey alleged that federal authorities lacked jurisdiction to charge him under § 922(g), and/or that his rights under the Second Amendment gave him the unfettered right to possess firearms. This Court denied both petitions, finding that Embrey had not demonstrated that his remedy under § 2255 had been inadequate and ineffective to challenge his § 922(g) conviction, but in both of the dismissals, the Court noted Embrey's lengthy history of filing frivolous and vexatious civil actions challenging his firearm conviction. *See Embrey v Cauley*, No. 0:09-CV-78-HRW (E.D. Ky. 2009) [R. 5 therein]; *Embrey v. Holland*, No. 0:11-CV-47-HRW (E.D. Ky. 2011) [R. 8 therein], aff'd, *Embrey v. Holland*, No. 11-5923 (6th Cir. Apr. 26, 2012).